| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Aris Artounians, Attorney at Law SBN 170467<br>450 N. Brand Blvd Suite 600<br>Glendale, CA 91203<br>Phone 818-291-6300<br>Fax 818-291-6301 | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**AUG 10 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** tatum    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

**NOT FOR PUBLICATION**

| | |
|---|---|
| In re:<br><br>GEVORGYAN, ASHOT AND<br><br>GEVORGYAN, GAYANE<br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:16-bk-11565-RK**<br>CHAPTER: 7<br><br>**ORDER ☐ GRANTING ☒ DENYING**<br>**MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |

**Creditor Holding Lien to be Avoided** (*name*):
*Discover Bank; EGC Financial LLC; Pride Acquisitions LLC; Persolve LLC and interested parties*

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☐ Notice of this Motion complied with LBR 9013-1(o).

   a. ☐ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

3. The real property to which this order applies is as follows:

   a. Street address (*specify*): 1023 West Kenneth Rd. Glendale, CA 91202

   b. Legal description (*specify*):                                                                    ☒ See attached page

4. Recording information regarding lien to be avoided:

   DISCOVER BANK

   a. Date of recordation of lien (*specify*): <u>11.17.2011</u>.

   b. Recorder's instrument number or map/book/page number (*specify*): 20111563726

   EGC FINANCIAL

   a. Date of recordation of lien (*specify*): <u>09.14.2012</u>.

   b. Recorder's instrument number or map/book/page number (*specify*): 20121382980

   PRIDE ACQUISITIONS LLC

   a. Date of recordation of lien (*specify*): <u>09.18.2012</u>.

   b. Recorder's instrument number or map/book/page number (*specify*): 20121397178

   PERSOLVE LLC

   a. Date of recordation of lien (*specify*): <u>02.11.2014</u>.

   b. Recorder's instrument number or map/book/page number (*specify*): 20140147424

5. ☐ Motion granted:

   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

   b. ☐ The judicial lien is void and unenforceable:

      (1) ☐ In its entirety

      (2) ☐ In the following amount *only*: $ _____. The balance of $ _____ remains a valid and enforceable lien against the property.

6. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☐ without prejudice

   a. ☒ Insufficient notice

      **Movants failed to serve Discover Bank, a Federally insured depository institution, FDIC #5649, insured since January 1, 1934, by certified mail as required by Federal Rule of Bankruptcy Procedure 7004(h) and 9014.**

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☒ Insufficient evidence of fair market value.

      **Local Bankruptcy Rule 4003-2(d)(2) requires that the motion be accompanied by a declaration or other competent evidence establishing the fair market value of the Property. Here, although Movants attached a Broker's Price Opinion to the Motion, they failed to attach a declaration under penalty of perjury of the broker who prepared the Broker's Price Opinion in order to authenticate it and to lay a foundation for the Broker's Price Opinion as written testimony as required by Federal Rules of Evidence 603 and 901 and 28 U.S.C. § 1746(2). Movants' declaration adopting the unauthenticated Broker's Price Opinion as their opinion is legally insufficient since they are only adopting the unauthenticated valuation opinion of another as their opinion and does not reflect any proper valuation analysis of their own to accord any evidentiary weight to such opinion under Federal Rule of Evidence 701**
      **.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 2                                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

e. ☒ Motion is incomplete.

    **Movants failed to attach a declaration or other competent evidence establishing the existence of judgment liens of Discover Bank, EGC Financial, LLC, Pride Acquisitions, LLC, and Presolve, LLC, the judgment liens to be avoided, as impairing their claimed exemption against the Property as well as the current balances remaining on their lien claims in compliance with Local Bankruptcy Rule 4003-2(d)(1) (e.g., copies of abstracts of judgments to demonstrate the judgment liens and a declaration under penalty of perjury showing the current lien amounts due on the claims).**

    **Additionally, Movants failed to attach a declaration or other competent evidence establishing the existence of the unavoided liens of "Chase/Alliance Mortgage Co.," recorded on 04/24/2003 (which appears to have been assigned to U.S. Bank National Association per the preliminary title report), "Chase/Washington Mutual," recorded 06/23/2005 (which appears to have been assigned to JPMorgan Chase Bank, National Association per the preliminary title report), and Enzel Asatryan, recorded on 7/16/2010, the other lienholders against the Property, as well as the current balance remaining on their claims in compliance with Local Bankruptcy Rule 4003-2(d)(3) (i.e., a copy of the deed of trust with recordation data and a copy of a monthly account statement showing the amount due or, if judgment lien against the property, a copy of the abstract of judgment and a declaration demonstrating the balance due).**

    **Movants attach a preliminary title report from North American Title Insurance Company to the Motion as evidence of the liens against the Property. However, the preliminary title report is unauthenticated hearsay evidence of such liens under Federal Rules of Evidence 603, 801, 802 and 901 and 28 U.S.C. § 1746(2) and not admissible evidence of the existence of such liens. Additionally, the court generally requires, for example, copies of the recorded deeds of trust and any assignments thereto or abstracts of the judgments to demonstrate any liens against the Property to demonstrate the existence of liens affecting the Property. Thus, the court is unable to ascertain whether liens exist against the Property that impair Movants' claimed exemption in the Property and whether the holders of such liens have been properly served in compliance with Local Bankruptcy Rule 4003-2(c).**

f. ☒ Other (*specify*):

    **By this Motion, Movants seeks to avoid the four judgment liens of Discover Bank, EGC Financial, LLC, Pride Acquisitions, LLC, and Presolve, LLC. However, Local Bankruptcy Rule 4003-2(b)(1) provides that "[a] separate notice and motion must be filed for each lien sought to be avoided." Thus, the Motion is also procedurally defective under this rule, which requires that Movants file a separate notice and motion for each lien that they seek to avoid.**

    ☒    The court further orders as follows (*specify*):  **Movants are granted leave to file and serve an amended motion which corrects the deficiencies identified in this order within 60 days of entry of this order.**

☐ See attached page                     ###

Date: August 10, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*      Page 3     F 4003-2.1.AVOID.LIEN.RP.ORDER